JAMES P. KEMP, ESQ.
Nevada Bar No: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Ste 110
Las Vegas, NV  89130
702-258-1183 ph./702-258-6983 fax
jp@kemp-attorneys.com
vneal@kemp-attorneys.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| LUCIA SLOAN, on behalf of herself and those similarly situated persons, | Case No.: 2:19-cv-01343 |
| Plaintiffs, | **COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| LADAH LAW FIRM PLLC, and RAMZY LADAH, an individual, | |
| Defendants. | |

COMES NOW Plaintiff LUCIA SLOAN, on behalf of herself and all others similarly situated and alleges the following:

**I. CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE STATUTES GOVERNING THE PAYMENT OF WAGES, JURISDICTION, PARTIES, AND PRELIMINARY STATEMENT**

1. This Court has original jurisdiction over the federal claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a

1

public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and others employees similarly situated." Plaintiff has, or will shortly, file with this Court consent to join this action.

2. This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367 because the state law claims alleged herein all arise out of the same transaction and occurrence, i.e. the failure to pay overtime wages and there is no conflict between the procedures applicable to the FLSA and State law claims. *Integrity Staffing Solutions, Inc.,* 2013 U.S. App. LEXIS 7397 (9th Cir. Nev. Apr. 12, 2013) ("In sum, we agree with the other circuits to consider the issue that the fact that Rule 23 class actions use an opt-out mechanism while FLSA collective actions use an Opt-in mechanism does not create a conflict warranting dismissal of the state law claims.")

3. Venue is proper in the unofficial Southern Division of the Court in that all of the material events complained of herein took place in Clark County, Nevada.

4. The plaintiff, LUCIA SLOAN, (hereinafter "Plaintiff" or "SLOAN") is a natural person who was a resident of the State of Nevada at all relevant times herein and was employed by Defendants as a non-exempt hourly employee from on or about September 12, 2016, through November 6, 2018. Plaintiff has performed labor and services as a paralegal that are subject to the aforesaid provisions of the FLSA.

5. The defendant, LADAH LAW FIRM PLLC (hereinafter "Defendant" or collectively "Defendants") , is a professional limited liability company formed and existing pursuant the laws of the State of Nevada and has its principal place of business in Clark County Nevada. This entity is the former employer of Plaintiff by operation of law under the Fair Labor Standards Act and/or NRS 608.011.

6. The defendant, RAMZY LADAH (hereinafter "Defendant" or collectively "Defendants), was the sole Manager of LADAH LAW FIRM PLLC. As Manager of LADAH LAW FIRM PLLC, Defendant RAMZY LADAH had substantial influence and control to take actions directly or indirectly in the interests of the LADAH LAW FIRM PLLC business in respect to all of its activities and all persons employed by such business, including Plaintiff. Defendant RAMZY LADAH exercised such power including making decisions about hiring, firing, compensating employees, determining the staffing levels and operational policies of such business and approving all such policies and decisions, if any, made by other subordinates and or managers. Defendant RAMZY LADAH is the former employer of Plaintiff by operation of law under the Fair Labor Standards Act and/or NRS 608.011 and is individually liable for unpaid overtime wages due to the Plaintiff.

7. The identity of DOES 1-50 is unknown at the time and the Complaint will be amended at such time when the identities are known to Plaintiff. Plaintiff is informed and believes that each Defendant sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant" or "Defendants" shall mean "Defendants and each of them."

8. Defendants engage in a for-profit business which has gross revenue in excess of $500,000 per annum and are engaged in the production of goods for interstate commerce and/or the use and/or handling of goods which have moved in interstate commerce as such terms are defined in the FLSA and are employers subject to the jurisdiction of the FLSA.

9. Plaintiff and those similarly situated have been employees of Defendants during the time period pertinent to this complaint, to wit, during the three years immediately preceding the initiation of this action.

10. The labor and services performed by Plaintiff, and those similarly situated, were directly essential to the shipment and use of various goods or services which moved in interstate commerce. Therefore, Plaintiff was engaged in commerce or in the production of goods for commerce as that term is used in the Act while employed by Defendants. Specifically in this case, the Plaintiff's work and the Defendants' business involved providing legal services in Nevada, persons residing in other states, and using consumer goods that had moved through interstate commerce.

11. Defendants are alleged to be joint employers, or successive employers, within the meaning of the FLSA and state law of Plaintiff.

12. All of the various violations of law that are alleged herein were committed intentionally and/or willfully by Defendants.

## II. CLASS AND COLLECTIVE ACTION ALLEGATIONS

13. Pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), the named Plaintiff bring this Complaint as a collective action (also commonly referred to as an "opt-in" class), on behalf of herself and all persons similarly situated, to wit a putative class of paralegals in the State of Nevada within three (3) years of the filing of this Complaint until entry of judgment after trial, except those persons who have previously released or settled their claims for the unpaid overtime wages that are alleged in this Complaint.

14. In respect to the Nevada statutory claims set forth in this Complaint, Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and a class of all similarly situated persons employed by Defendants in the State of Nevada.

15. Plaintiff is informed and believes, and based thereon alleges that there are at least 20 putative class and collective action members. The actual number of class and collective action members is readily ascertainable by a review of Defendants' records through appropriate discovery.

16. The number of class members is so numerous that joinder is impracticable and would involve many individual litigates. Disposition of these claims in a class and/or collective action rather than in individual actions will benefit the parties and the Court.

17. There is a well-defined community of interest in the questions of law and fact affecting the class as a whole.

18. Proof of a common or single set of facts will establish the right of each member of the class to recover. These common questions of law and fact predominate over questions that affect only individual class members. The named Plaintiff's claims are typical of those of the class.

19. A class or collective action is superior to other available methods for the fair and efficient adjudication of the controversy. Due to the typicality of the class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action. This type of case is uniquely well-suited for class or collective treatment since the Defendants' practices were uniform and the burden is on the employer to establish that its method for compensating the class members complies with the requirements of the FLSA and Nevada law.

20. The named Plaintiff will fairly and adequately represent the interests of the class and has no interests that conflict with or are antagonistic to the interests of the class.

21. The named Plaintiff and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the class.

22. There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the class will tend to establish inconsistent standards of conduct for the defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

### III. FACTUAL ALLEGATIONS UNDERLYING THE CLAIMS

23. Defendants are in business of providing legal services and employed Plaintiff to perform duties of a paralegal in Las Vegas, NV.

24. Plaintiff and the putative FLSA collective and Fed. R. Civ. P. 23 class members were/are, for purposes of the overtime pay requirements of the FLSA and state law, improperly compensated on what Defendants' claim is a salary basis. Even though Plaintiff and the putative FLSA collective and Fed. R. Civ. P. 23 class members were/are to be compensated on a salary basis, Defendants routinely and regularly required overtime work to be performed.

25. Plaintiff and those similarly situated, working under the direction of attorneys, assisted in handling personal injury, general liability, medical malpractice and bad faith cases, as well as interpleader actions and minor compromises. Employment duties included, but were not limited to, claim investigations through trial, including mediations and arbitrations; accounting for costs on client files; scheduling and calendaring; drafting correspondence, pleadings, discovery, motions, orders, and other legal documents; collected, analyzed, and summarized medical records and billing statements; prepared deposition and evidence binders; conducted legal research; e-filed and effectuated service of process; researched bankruptcy actions through PACER; prepared cases for trial; assisted attorneys during trial; and met with clients.

26. While it is Defendants' burden to establish the applicability of any exemption to the overtime pay requirements of the FLSA and state law, and not Plaintiff's burden to disprove the existence of any such exemption, Plaintiff alleges that even if she and the class and collective action members had been compensated on a true "salary basis," they would still be entitled to overtime pay. That is because there is no applicable overtime pay exemption for Plaintiff and the class and collective action members, none of whom exercise independent judgment and discretion in decision making in

the fulfillment of their duties as Defendants' employees that is sufficient to make them overtime exempt "executive" (managerial) employees. Indeed, the relevant practices and procedures uniformly forbid Plaintiff and the class and collective action members from exercising any such level of independent judgment and discretion in the performance of their duties as employees of Defendants.

27. Defendants relied on the misclassification of Plaintiffs as exempt employees as a means to deny overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. § 201 *et seq*., and Nevada labor laws.

28. Plaintiff and putative class members were/ are scheduled for shifts of 40 hours per week, five days per week, eight (8) hours per day. In addition to the 40 hour per week schedule, Defendants required and continue to require all paralegals to perform the employment duties described herein, and exceeding the 40 hour per week schedule, in order to assist attorneys to meet their business schedules and needs, court ordered deadlines, and emergency deadlines that might arise when those employment duties could not reasonable be performed during an (8) hour per day or 40 hour work week. Plaintiff and the other class and collective action members routinely and regularly worked 49 hours per week. This included employment duties performed at night and on weekends and holidays.

29. Defendants' violations of the FLSA were willful in that Defendants were aware their failure to pay overtime was illegal and violated the FLSA and Nevada law.

**FIRST CLAIM FOR RELIEF PURSUANT TO THE FAIR LABOR STANDARDS ACT AGAINST ALL DEFENDANTS ON BEHALF OF THE NAMED PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED**

30. The named Plaintiff bring this First Claim for Relief pursuant to 29 U.S.C. § 216(b) against Defendants on behalf of herself and all other similarly situated persons, if any, who consent in writing to join this action.

31. Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, the named Plaintiff and those similarly situated were entitled to an overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty hours per week, the named Plaintiff and those similarly situated worked more than 40 hours per week for Defendants, and Defendants willfully failed to make said overtime wage payments because such persons were not paid such required wages for the employment duties they were required to perform at night, on weekends and holidays.  The named Plaintiff and those similarly situated worked and or continue to work in excess of 40 hours every week in which they are scheduled to work five (5) days per week.

32. Defendants did not keep time records of overtime hours worked by Plaintiff and the putative class members.

33. The named Plaintiff on behalf of herself and all other similarly situated persons who consent in writing to join this action, seek, on this First Claim for Relief, a judgment against defendants for unpaid overtime wages and additional liquidated damages of 100% of any unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to the named Plaintiff and any such other persons who consent to join this action, and also seeks an award of attorney's fees, interest, and costs as provided for by the FLSA.

**SECOND CLAIM FOR RELIEF PURSUANT TO NEVADA REVISED STATUTES § 608.018 AGAINST THE DEFENDANTS ON BEHALF OF THE NAMED PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED**

34. Plaintiff repeats each and every allegation previously made herein and incorporate the same into this claim for relief.

35. Plaintiff brings this Second Claim for Relief against Defendants pursuant to NRS § 608.018 on behalf of herself and a class of all similarly situated employees of Defendants.

36. Pursuant to NRS § 608.018, Plaintiff and the putative class members were entitled to the payment of wages at time and one-half their normal hourly rate when they worked in excess of 40 hours a week, and Plaintiff was not paid such required wages. Defendants also misclassified Plaintiff and the class members as salaried workers exempt from overtime payments.

37. Plaintiff on behalf of herself and the class members, seek, on this Second Claim for Relief, a judgment against Defendants for overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to Plaintiff, and also seeks an award of attorney's fees, interest and costs, as provided for by Nevada Law.

**THIRD CLAIM FOR RELIEF PURSUANT TO NEVADA REVISED STATUTES § 608.040 AGAINST THE DEFENDANTS ON BEHALF OF THE NAMED PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED**

38. Plaintiff repeats each and every allegation previously made herein and incorporate the same into this claim for relief.

39. Defendants failed and neglected to timely pay the Plaintiff her final wages in accordance with NRS 608.030 in that they failed to pay to plaintiff her final wages, including unpaid overtime wages, when due to the plaintiff within 3 days of her termination. Indeed her final pay to include unpaid overtime wages remains due and owing to this day.

40. Defendants are liable to Plaintiff for the statutory penalty provided in NRS 608.040

41. Plaintiff calculates this penalty at $10,625.00 ($354.17 x 30 days) based upon her regular rate of pay at the time of her termination.

42. Plaintiff has been forced to expend costs and incur fees to hire an attorney to pursue her rights under the law.

9

## IV. DEMAND FOR JUDGMENT FOR RELIEF

Wherefore, Plaintiffs demands a judgment on all claims for the damages and equitable relief including, but not limited to:

A. All applicable relief provided for under 29 U.S.C. § 216 (b) including, but not limited to:

 1. Money damages for unpaid overtime, wages, salary, employment benefits, or other compensation denied or lost due to the violations of law by the Defendants;

 2. An additional amount as liquidated damages equal to the sum of the amount of damages awarded for overtime compensation denied or lost due to the violation of FLSA by the Defendants in accordance with 29 U.S.C. § 216;

 3. Interest on the amounts awarded under 1 and 2 above at the prevailing rate;

 4. For an appropriate award of money to offset and ameliorate any adverse tax consequences that may be imposed upon Plaintiff;

 5. Equitable relief as may be appropriate;

 6. Reasonable attorney's fees, reasonable expert witness fees, and other costs of the action;

…

…

…

B. All applicable remedies for Defendants' violation of NRS 608.018 failure to pay overtime.

C. Pre-judgment and Post-judgment interest on all applicable sums due.

D. Money damages for Plaintiff's unpaid final wages and the statutory penalty of thirty (30) day's pay at Plaintiff's regular rate of pay in accordance with NRS 608.040.

E. For attorney fees and costs pursuant to applicable law.

F. For trial by jury on all issues that may be tried to by a jury.

G. For such other and further relief as the Court may deem just and proper.

Dated this 3rd day of August, 2019.

                                        Victoria L. Neal
JAMES P. KEMP, ESQ.
Nevada Bar No: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP

*Attorneys for Plaintiffs*

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL. (702) 258-1183 ♦ Fax (702) 258-6983

11